UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CORTEZ E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00999-JRO-MJD |
| | ) | |
| RDC FACILITY OF PLAINFIELD, IN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff, Cortez E. Williams, is a prisoner currently incarcerated at New Castle Correction Facility ("New Castle"). He filed this civil action alleging constitutional violations against the Defendants related to surgery on a broken arm. Because Williams is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A. The Court also addresses and **DENIES** Williams's pending motion. Dkt. [15].

## I. PENDING MOTION

On October 28, 2026, the Court received a pleading titled "Petition," with State of Indiana listed as the complainant and Williams listed as the defendant. Dkt. 15 at 1. The complaint is signed by Williams and simply notes that he requests a motion for change of venue, intends to file a motion for extension of time but does not actually seek an extension of time, and raises the amount of damages he is seeking.

First, when jurisdiction is not founded solely on diversity, venue is proper only in the district in which (1) any defendant resides, if all of the defendants

reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Because the only named defendants in this case, RDC and St. Vincent's Hospital in Indianapolis, are located in the Southern District of Indiana, *see* 28 U.S.C. § 94(a)(2), and the events occurred there, this is the proper district for this action.

Second, a specific demand for relief is not part of a plaintiff's claim. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Therefore, it would be unnecessary for Williams to file a new complaint that seeks a different amount in damages.

Finally, this pleading is in the distinctive handwriting of Thomas Phillip Bell, who is restricted from filing papers in this Court. *See In re Thomas Phillip Bell*, 1:21-mc-00034-JRS-TAB, dkt. 70 (S.D. Ind. Oct. 9, 2025) (extending filing ban for two years). Bell is not an attorney and may not file legal papers on behalf of others. *Navin v. Park Ridge Sch. Dist.* 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (non-lawyer has no authority to appear as legal representative of another party). Williams is warned that allowing non-attorneys, especially those with filing restrictions, to draft pleadings on his behalf could also result in Williams receiving a filing ban.

Accordingly, Williams motion, dkt. [15], is **DENIED.**

## II. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. THE COMPLAINT

Williams asserts claims against two defendants: 1) RDC Facility of Plainfield, and 2) St. Vincent's Hospital. He seeks monetary damages and injunctive relief.

Williams's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Williams alleges that on December 26, 2025, he slipped and broke his arm while housed at RDC in Plainfield, IN. He was then taken to St. Vincent's Hospital

where they performed surgery on his arm incorrectly and caused him to have lingering pain and discomfort. He was then sent back to the RDC where he did not receive any follow-up care. He still is not receiving consistent care or physical therapy at New Castle.

## IV. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint **must be dismissed** for failure to state a claim upon which relief may be granted.

First, claims against the RDC Facility of Plainfield must be dismissed because the prison is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Second, all claims against St. Vincent's Hospital also are **dismissed** for failure to state a claim upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018). Also,

> Section 1983 provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. (Emphasis added.) As its text makes clear, this provision protects against acts attributable to a State, not those of a private person.

*Lindke v. Freed*, 601 U.S. 187, 194 (2024). Whether an outside specialist functions as a state actor "is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Ill. Dep't. of*

*Corrections*, 746 F.3d 782, 797 (7th Cir. 2014). If a private physician's interaction with an inmate is "incidental and transitory," the provider is not a state actor. *Id.* at 798 (affirming summary judgment where specialist treated incarcerated plaintiff on only one occasion). Here, Williams only had a one-time interaction with any medical providers at St. Vincent Hospital. These allegations are insufficient to treat St. Vincent Hospital or any of its medical providers as state actors.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, **the complaint is subject to dismissal.**

## V. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through December 5, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:26-cv-00999-JRO-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 11/6/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

CORTEZ E. WILLIAMS
282930
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362